UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MANNING, ET AL., | No. C 12-00320 DMR |
| Plaintiffs, | **ORDER PERMITTING MOTION FOR SUBSTITUTION FOLLOWING NOTICE OF DEATH; GRANTING EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE AND MOTION HEARING** |
| v. | |
| CITY OF SAN RAMON, ET AL., | |
| Defendants. | |

By letter dated April 3, 2012, attorney Robert F. Kane, who is not counsel of record in this action, notified the court that he was asked by Plaintiff Brook Workeneh, appearing *pro se*, to inform the court that co-Plaintiff Mark Manning passed away on March 29, 2012. Mr. Kane also informed the court that Plaintiff Workeneh is not currently in a position to prepare opposition to the pending motion to dismiss. Doc. no. 31. The court notes that Mr. Kane electronically filed his letter on the court docket and indicates that he copied Plaintiff Workeneh by email.

Mr. Kane's April 3, 2012 serves as notice of suggestion of death of Plaintiff Manning for purposes of Federal Rule of Civil Procedure 25(a). Rule 25(a), rather than state law, governs the substitution of parties in this proceeding, and provides as follows:

(a) Death.

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). Thus, a motion for substitution of Plaintiff Manning as to any claims that are not extinguished by his death may be made by any party or by Mr. Manning's successor or representative pursuant to Rule 25(a). If such a motion is not made within 90 days after service of the statement noting death, Mr. Manning must be dismissed from the action. *See Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 21 n .5 (9th Cir.1981) (observing that "[a]lthough the [co-plaintiff's] death was suggested on the record, no party ever moved for substitution of his legal representative in this action. Therefore, he should have been dismissed as a party-plaintiff pursuant to Fed. R. Civ. P. 25(a)(1)"); *Salazar v. Cisneros*, 1994 WL 72194 (N.D.Cal. Feb. 25, 1994). However, co-Plaintiff Workeneh's action does not abate and will proceed pursuant to Rule 25(a)(2).

In light of Plaintiff Manning's death, Plaintiff Workeneh is hereby granted an extension of time by which to respond to Defendants' motion to dismiss Workeneh's claims from April 3, 2012 to April 19, 2012. Defendants shall file any reply by April 26, 2012. The hearing on Defendants' motion to dismiss is continued from April 26, 2012 to May 10, 2012 at 11:00 a.m. in Courtroom 4, U.S. District Court, 1301 Clay Street, Oakland, California 94612. If additional time is necessary for Plaintiff Workeneh to file an opposition to the pending motion to dismiss, he must timely file by April 19, 2012, a request showing good cause for further extension of time. Plaintiff Workeneh's failure to file an opposition to Defendants' motion to dismiss may result in dismissal of his claims.

It is further ORDERED that the case management conference previously set for May 9, 2012, is hereby continued to May 10, 2012, at 11:00 a.m., to be held concurrently with the hearing

on the motion to dismiss.  The parties must file a case management statement by no later than May 2, 2012.

As the court noted in its order entered March 21, 2012, Plaintiff Workeneh has failed to provide his name, address, telephone number, fax number and email on the papers filed with the court, as required by Civil Local Rule 3-4(a) for each party appearing *pro se*, and was ordered to comply with Civil Local Rule 3-4(a) by providing the required identifying information specified therein.  Plaintiff Workeneh must comply with this requirement by no later than April 19, 2012.  Because the papers previously filed by Plaintiffs identify only the address of the deceased Plaintiff Manning, the clerk is hereby directed to serve a copy of this order by mail on Mr. Kane, who has indicated that he has had prior contact with Plaintiff Workeneh concerning this action.

IT IS SO ORDERED.

Dated:  April 6, 2012

DONNA M. RYU
United States Magistrate Judge

3